FILED
IN CLERK'S OFFICE
U.S. D??? ???RT E.D.N.Y.
JUL 20 2005
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VINCENT PALMIERI,

                        Petitioner,

    -against-

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------X

05 CV 1462 (SJ)
MEMORANDUM
AND ORDER

APPEARANCES

TALKIN, MUCCIGROSSO & ROBERTS LLP
40 Exchange Place, 18th Floor
New York, NY 10005
By:    Sanford Talkin
Attorney for Petitioner

ROSLYNN R. MAUSKOPF, ESQ
United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201
By:    Michael Warren
Attorneys for Respondent

JOHNSON, Senior District Judge:

    Presently before the Court is a motion by Petitioner Vincent Palmieri ("Petitioner") to vacate, set aside, or correct the sentence imposed under docket number 01 CR 0700, pursuant to 28 U.S.C. § 2255. Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. For the reasons

1

stated herein, Petitioner's motion is DENIED.

## BACKGROUND

After undercover investigations revealed that Petitioner was involved in both a drug distribution scheme and an insurance fraud scheme, Petitioner faced simultaneous prosecutions in the State of New York (for insurance fraud) and in the Eastern District of New York (for cocaine distribution). (Resp. at 3–5.) On December 10, 2002, Petitioner pleaded guilty in the New York State Supreme Court to grand larceny in the fourth degree.

On February 25, 2003, Petitioner pleaded guilty before this Court to one count of conspiracy to distribute and to possess with intent to distribute five hundred grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii). The initial plea agreement that Petitioner signed on February 25, 2003 estimated that Petitioner would have an adjusted offense level of 32, with a corresponding sentencing range of 121 to 151 months, "assuming that the defendant's Criminal History Category is 1." (Resp. Ex. A, Plea Agreement, at 2.) It also contained a waiver of Petitioner's right to appeal or collaterally attack his conviction or sentence if he were sentenced to 151 months imprisonment or less. (Id. at 3.)

On March 1, 2004, Petitioner was sentenced to 151 months imprisonment and four years supervised release. Petitioner was sentenced under Criminal History Category II due to the state grand larceny conviction and an additional prior state

2

conviction.

## DISCUSSION

Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated in that: 1) counsel in his state criminal trial ("Murphy" or "state trial counsel") failed to arrange a delay in his guilty plea in the state grand larceny case in order to ensure that Petitioner would be sentenced under Criminal History Category I in his case before this Court; and 2) counsel in his case before this Court ("Herrmann" or "federal trial counsel") allegedly failed to challenge the Probation Department's recommendation that he receive a three, rather than two, point enhancement for supervisory role.

The Court finds that Petitioner's waiver of the right to appeal or collaterally attack a sentence of 151 months or less forecloses Petitioner's § 2255 motion. The Second Circuit has held that waivers such as the one in the instant case bar collateral attacks under § 2255. Garcia-Santos v. United States, 273 F.3d 506, 508–09 (2d Cir. 2001). It is true that such waivers must be voluntary, knowing, and intelligent, see, e.g., United States v. Stevens, 66 F.3d 431, 437 (2d Cir. 1995), with the result that an ineffectiveness claim relating to the process of entering the plea agreement itself will not be considered barred by the terms of the agreement. E.g. Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195–96 (2d Cir. 2002) ("[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the

3

process by which the waiver has been procured, here, the plea agreement."); United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996) (citing United States v. Henderson, 72 F.3d 463, 465 (5th Cir.1995) (holding that "dismissal of an appeal based on a waiver in the plea agreement is inappropriate where the [defendant claims] that the plea agreement generally, and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel").

However, this case is distinguishable from cases in which petitioners were released from waivers due to ineffectiveness claims, in that the Petitioner is not claiming that state or trial counsel's ineffective assistance induced him to enter the plea agreement. Petitioner's claims relate instead to events occurring before and after his assent to the plea agreement, and do not relate directly to his entry into the plea agreement. It appears that Petitioner knowingly, voluntarily, and intelligently assented to a plea agreement under competent advice of counsel, knowing that the agreement permitted him to be sentenced to up to 151 months incarceration, and aware that he would not have the right to challenge his conviction or sentence in the event that he received a term of 151 months.

## CONCLUSION

For the reasons stated herein, Petitioner's 28 U.S.C. § 2255 motion is DENIED. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

P-049

A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: July 15, 2005
      Brooklyn, New York

s/SJ
Senior U.S.D.J.