UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
VINCENT PALMIERI,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.
----------------------------------------------X

05 CV 1462 (SJ)

MEMORANDUM
AND ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 27 2008 ★
BROOKLYN OFFICE

APPEARANCES
UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Michael Warren
Attorney for Defendant

VINCENT PALMIERI, INMATE NO. 60341-053
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1000
Loretto, PA 15940
By:   Vincent Palmieri, *Pro Se*

JOHNSON, Senior District Judge:

    On March 18, 2005, *pro se* petitioner Vincent Palmieri ("Petitioner"), then represented by counsel, filed a petition for a writ of habeas corpus with this court (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Petitioner argued

1

P-049

that his sentence should be vacated based on the ineffectiveness of his counsel in both a state criminal proceeding in which he pled guilty to grand larceny and a federal proceeding surrounding five narcotics transactions between Petitioner and an undercover officer. (Petition ¶¶ 1-12.) Petitioner argued that the sentence pronounced by this Court was improperly based on his placement into Criminal History Category II, and that had his counsel been effective in delaying his plea in state court, he would have been placed in Criminal History Category I. (Petition ¶¶ 19-20.) In a July 15, 2005 Memorandum and Order, this Court rejected Petitioner's claims and denied both his Petition and a certificate of appealability. (Docket No. 5.) Twenty-one months later, on or about April 10, 2007, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b) "contending that a fraud was committed upon the court during the Sentencing Proceedings." (Docket No. 6 at 1.) This wording seems to imply application of Rule 60(b)(3), which provides for relief from a civil judgment on the basis of fraud -- not relief from a criminal conviction. Fed. R. Civ. P. 60(b)(3). Petitioner also references Rule 60(b)'s "savings clause," which appears to implicate subsection (b)(6). That provision permits the court to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

"[R]egardless of what label is placed on the post-judgment motion, it must be treated as a successive habeas petition if. . .the motion attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in

P-049

denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief." Rosario-Dominguez v. United States, 2008 WL 4067428 at *3 (S.D.N.Y. Sept. 2, 2008) (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)). Before Petitioner's motion could be considered a successive petition, he would need to "surmount one of two deliberately high hurdles by showing either (i) 'newly discovered evidence that. . .establishes by clear and convincing evidence' that the defendant was not guilty, or (ii) a 'new rule of constituational law' from the Supreme Court to be applied retroactively that invalidates the criminal conviction." Harris v. United States, 367 F.3d 74, 77 fn.1 (quoting 28 U.S.C. § 2255). As Petitioner merely reiterates complaints made about his placement into Criminal History Category II, the motion does not meet this standard.

Alternatively, "relief under Rule 60(b) is available with respect to a previous habeas proceeding *only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.*" Harris, 367 F.3d at 77 (emphasis added). Petitioner's Rule 60(b) motion restates the substantive portions of his initial Petition regarding his classification into Criminal History Category II and again challenges his conviction before this Court. It does

P-049

not allege impropriety in the course of his habeas proceeding. Therefore, Rule 60(b) relief is also unavailable.[1] Petitioner's motion is DENIED.

SO ORDERED.

DATED: October 22, 2008
Brooklyn, New York

S/SJ
_____
Sterling Johnson, Jr, U.S.D.J.

---

[1] In any event, Petitioner's motion is untimely. A motion under Rule 60(b)(3) must be brought within one year of entry of the judgment being challenged, which Petitioner did not do; and, while a motion pursuant to Rule 60(b)(6) does not have such a time limit, it still must be brought within a "reasonable time" after entry of the judgment. As Petitioner's claims are still based on information within his knowledge since his 2004 conviction, 21 months cannot be considered a "reasonable time" under Rule 60(b)(6).

4